# REESE LLP

August 14, 2026

**VIA ECF**
District Judge Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Goven v. Support Pets*, Case No. 26-cv-4226-AT

Pursuant to this Court's Order dated August 5, 2026 (ECF No. 20), Plaintiff submits this letter stating that she opposes Defendant's request to stay discovery pending the Court's ruling on Defendant's motion to compel arbitration. ECF No. 12.

A district court "has 'wide discretion' to direct the discovery process." *Wills v. Amerada Hess Corp*., 379 F.3d 32, 51 (2d Cir. 2004) (citation omitted). Before granting a motion to stay discovery pending a motion to compel arbitration, the Court must determine "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Mossiah v. Security Services Holdings, LLC*, No. 25-CV-4561 (JAV), 2025 WL 3478844, at *1 (S.D.N.Y. Dec. 3, 2025) (Vargas, J.) (denying motion to compel arbitration after Plaintiff met factors one and two); *see ICPEP, LLC v. SMC Specialty Fin., LLC*, No. 2:25-CV-09747-FLA (ASX), 2026 WL 1334841, at *2 (C.D. Cal. May 8, 2026) (holding that parties carry a "heavy burden" to stay discovery pending motions to compel arbitration).

Defendant has failed to establish each of the three factors. First, Defendant has failed to make a showing, let alone a strong one, that Plaintiff's claim that the parties did not agree to arbitrate lacks merit. For starters, Defendant uses two substantively different sets of Terms and Conditions in its interactions with consumers leaving one wondering which of those was it that Plaintiff supposedly agreed to. Moreover, on the record developed at this stage, it will be very difficult for this Court to determine which set of the Terms and Conditions rules the day when Defendant's own counsel could not keep the two straight and cited to one set of the Terms and Conditions while seeking enforcement of the other.

Additionally, Defendant provides the Court with screenshots of webpages supposedly showing what Plaintiff was presented by Defendant while she purchased an ESA Letter. However, these were recreated by Defendant's own employee to support its Motion. These are not the actual webpages Plaintiff viewed. Also, the screenshots are fuzzy, do not appear to show a hyperlink to the Terms and Conditions for Plaintiff to click on to access them, and the Terms and Conditions messaging is presented alongside language relating to Defendant's ability to contact Plaintiff by email, phone and/or SMS, which distracts the consumer from the Terms and Conditions language. Based on the above, Plaintiff has raised a genuine dispute as to whether a valid agreement to arbitrate exists and, accordingly, Defendant has not made a strong showing that Plaintiff's claim is unmeritorious.

Factor two is also satisfied in that the discovery that will be sought initially (*e.g.* information about processes, qualifications of mental health professionals employed by Defendant, knowledge about the ESA Letter laws) is of the same type that will be sought at arbitration. Plaintiff will not be seeking expert discovery (at this time). Thus, the breadth of discovery sought will be no different whether arbitration is granted or not and, thus, Defendant will suffer no burden producing it now versus later. Moreover, Defendant has made no showing to the contrary and it is its burden to establish the conditions for a stay of discovery.

Finally, factor three is satisfied because any delay in discovery tends to prejudice Plaintiff because she is the one that has the burden of proving her claims at trial. With every day that passes without the ability to obtain discovery, Plaintiff risks being unable to obtain evidence. For example, key witnesses may become unavailable either by leaving their employment or the country, and for other reasons that cannot be avoided. Also, the memories of witnesses with knowledge of material facts relevant to Plaintiff's claims are also likely to fade with the passage of time. For the above reasons, Defendant's request to stay discovery pending arbitration should be denied.

Respectfully submitted,

/s/ *Carlos F. Ramirez*
Carlos F. Ramirez

**Certificate of Service**

I certify that on August 14, 2026, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

| | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ *Carlos F. Ramirez*