UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMELIA GOVEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SUPPORT PETS LLC,

Defendant.

CIVIL ACTION NO.: 26 Civ. 4226 (AT) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Amelia Goven ("Plaintiff") brings this putative consumer class action against Defendant Support Pets LLC ("Defendant") for violations of New York General Business Law ("GBL") §§ 349 and 350, fraud, and unjust enrichment arising from Defendant's alleged deceptive sale of emotional support animal ("ESA") and psychiatric service dog ("PSD") "bundles" of products (the "Products") that "purport to provide pet owners with all they need" to take their pets "almost anywhere[,]" but in fact are "not required" under any applicable laws. (Dkt. No. 1 ¶ 1 (the "Complaint")). Defendant moved to compel arbitration on the grounds that Plaintiff assented to Defendant's website terms and conditions (the "Terms"), which contain a provision requiring Plaintiff to arbitrate her claims against Defendant. (Dkt. Nos. 12–14; 16–17 (the "MTCA")). Plaintiff opposed the MTCA. (Dkt. Nos. 15; 15-1).

Defendant also seeks a stay of discovery pending the Court's decision on the MTCA. (Dkt. No. 19 (the "Request")). Plaintiff opposes the Request. (Dkt. No. 21). For the reasons set forth below, the Request is **GRANTED**.

## II. BACKGROUND

### A. Factual Background[1]

Plaintiff is a resident of New York. (Dkt. No. 1 ¶ 27). Defendant is a Florida limited liability company that does business in New York. (Id. ¶¶ 14, 28, 30). Plaintiff, a pet owner, purchased the Products from Defendant's website (www.supportpets.com) (the "Website") in reliance on Defendant's representations that the Products "were officially recognized, legally meaningful, and would provide legally significant documentation relating to Plaintiff and her pet." (Id. ¶ 29). Plaintiff alleges that Defendant deceptively advertises that it is an "Official ESA and PSD Provider[,]" and that the Products are "legally required and officially recognized in obtaining rights related to [ESAs or PSDs]," when in fact Defendant "ha[s] not been authorized by any governmental body as such," and the "[P]roducts were not required by law and did not create or establish legal rights[.]" (Id. ¶¶ 23, 36). Plaintiff further alleges that she, like "all others similarly situated" under Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), has been "damaged by Defendant's misconduct in that she overpaid for the [] Products or would not have purchased them but for Defendant's deceptive conduct" and therefore brings this putative consumer class action for violations of GBL §§ 349 and 350, fraud, and unjust enrichment. (Id. ¶¶ 15–26, 60–79).

[1] We draw the following facts primarily from the Complaint. (Dkt. No. 1).

**B. Procedural Background**

**1. The Complaint and MTCA**[2]

On May 20, 2026, Plaintiff filed the Complaint. (Dkt. No. 1). On July 10, 2026, Defendant filed the MTCA. (Dkt. Nos. 12–14). In support of its MTCA, Defendant submitted a memorandum of law, a declaration of its Vice President of Operations, Nicole Hedmark, and a copy of the Terms. (Dkt. Nos. 13; 13-1; 14). The Terms contain a broad dispute resolution clause as follows:

> This Provision provides that all disputes between You and Us shall be resolved by binding arbitration because acceptance of these Terms constitutes a waiver of Your right to litigation claims and all opportunity to be heard by a judge or jury. We prefer this because We believe arbitration is less drama-filled than litigation. To be clear, there is no judge or jury in arbitration, and court review of an arbitration award is limited. The arbitrator must follow this agreement and can award the same damages and relief as a court (including attorney's fees). You may, however, opt-out of this Provision which means You would have a right or opportunity to bring claims in a court, before a judge or jury, and/or to participate in or be represented in a case filed in court by others (including, but not limited to, class actions). Everyone agrees that, except as provided below, any and all disputes, as defined above, whether presently in existence or based on acts or omissions in the past or in the future, will be resolved exclusively and finally by binding arbitration rather than in court in accordance with this provision.

(Dkt. No. 13-1 at 5).

In the MTCA, Defendant argued that, inter alia, on April 13, 2026 and April 14, 2026, Plaintiff assented to the Terms by submitting a "variety of personally identifiable information across multiple discrete areas of the Website, . . . [where] Plaintiff was presented with disclosures notifying her that by taking [those actions], she would be manifesting her assent to the Terms." (Dkt. Nos. 13 ¶¶ 6, 8; 14 at 20). Defendant further argued that those disclosures hyperlinked the

[2] We make no opinion on the merits of the pending MTCA.

Terms in "dark font color" and were "proximately locat[ed] to the only call to action button[.]" (Dkt. No. 14 at 20).

On July 24, 2026, Plaintiff opposed the MTCA, arguing that, inter alia, Defendant has a second version of the Terms (the "Other Terms") on its Website and has failed to establish which version allegedly governed Plaintiff's transaction, and therefore "cannot establish that Plaintiff agreed to arbitrate under the particular provisions [Defendant] now seeks to enforce." (Dkt. No. 15 at 14–15; 15-1). The Other Terms provide, in relevant part:

> The parties (and Covered Parties) hereby agree to arbitrate all claims that may arise under the Agreement. Without limiting the foregoing, should a dispute arise between you and either Support Pets[] or any Covered Part concerning the Site Offerings, the terms and conditions of the Agreement or the breach of same by any party hereto: (a) each party agrees to submit their dispute for resolution by arbitration the American Arbitration Association ("AAA") in New York, NY, in accordance with the then current Commercial Arbitration rules of the AAA . . ."

(Dkt. No. 15-1 at 22–23).

On July 31, 2026, Defendant filed its reply arguing that, inter alia, even if the Other Terms govern Plaintiff's transaction, which Defendant disputes, "both versions require her to arbitrate her claims against [Defendant]" and "the differences between the two sets of terms identified by Plaintiff (the forum, the rules concerning administration of the arbitration, pre-suit notice mechanisms) all represent differences in how the arbitration will proceed, not whether the arbitration will proceed in the first instance." (Dkt. No. 16 at 5).

### 2. The Request

On August 4, 2026, the parties filed a joint letter, in which Defendant stated its Request that "discovery should not begin until after a ruling has been made on the [MTCA]." (Dkt. No. 19). On August 14, 2026, Plaintiff filed a letter opposing Defendant's Request arguing

that (i) "Plaintiff has raised a genuine dispute as to whether a valid agreement to arbitrate exists and, accordingly, Defendant has not made a strong showing that Plaintiff's claim is unmeritorious[,]" (ii) "the breadth of discovery sought will be no different whether arbitration is granted[,]" and (iii) Plaintiff will be prejudiced by a discovery stay because with every day that passes, Plaintiff risks being unable to obtain evidence. (Dkt. No. 21).

## III. DISCUSSION

### A. Legal Standard

"Under Federal Rule of Civil Procedure 26(c), a court has 'considerable discretion' to stay discovery for good cause." Dougherty v. Zynga Inc., No. 26 Civ. 2772 (PAE), 2026 WL 1218876, at *1 (S.D.N.Y. May 4, 2026) (quoting Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc., No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009)).[3] "Factors relevant to whether good cause has been shown include: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." Dougherty, 2026 WL 1218876, at *1 (quoting Miller v. Brightstar Asia, Ltd., No. 20 Civ. 4849 (GBD) (JLC), 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020)). "The party seeking a stay bears the burden of demonstrating good cause." Dougherty, 2026 WL 1218876, at *1.

"[W]here a party seeks a discovery stay pending a motion to compel arbitration, courts in this Circuit have stayed without considering the three-factor test." Dougherty, 2026 WL 1218876, at *1 (quoting Mossiah v. Mulligan Sec. LLC, No. 25 Civ. 4561 (JAV), 2025 WL 3478844, at *1 (S.D.N.Y. Dec. 3, 2025)); see Intertec Contracting Turner Steiner Int'l, No. 98 Civ. 9116 (CSH),

[3] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) (noting "general practice of district courts" to stay discovery pending motion to compel arbitration). Although a discovery stay pending a motion to compel arbitration "is by no means automatic," Marsh & McLennan Agency LLC v. Williams, No. 22 Civ. 8920 (JPC), 2023 WL 2242074, at *2 (S.D.N.Y. Feb. 27, 2023), it "should be granted absent compelling reasons to deny it," Merida Cap. Partners III LP v. Fernane, No. 25 Civ. 1235 (JAV), 2025 WL 1541072, at *4 (S.D.N.Y. May 30, 2025).

**B. Application**

Considering the three factors outlined above and the relaxed standard for a discovery stay pending a motion to compel arbitration, we grant the Request and stay all discovery pending the resolution of the MTCA.

First, "on the limited and preliminary review appropriate to evaluating a stay application," Dougherty, 2026 WL 1218876, at *2, Defendant has made a strong showing that Plaintiff's claim is unmeritorious. (See Dkt. Nos. 12–14; 16). As stated above, Defendant argued in its MTCA that, inter alia, Plaintiff assented to the Terms, which include a broad arbitration provision, by submitting personally identifiable information across multiple areas of the Website, where she was presented with disclosures notifying her that by doing so, she would be manifesting her assent to those Terms. (Dkt. No. 14 at 20). Although we offer no present opinion on the merits of the pending MTCA, (see n.2, supra), if the parties entered into a valid agreement to arbitrate, we agree with Defendant that even if the Other Terms govern Plaintiff's transaction, "both versions require her to arbitrate her claims against [Defendant]." (Dkt. No. 16 at 5).

Second, the scope of anticipated discovery and the burdens it could present also favor a stay. As Defendant points out, "Plaintiff has asserted class claims on behalf of a putative

nationwide class based on alleged representations made to consumers through multiple channels over time." (Dkt. No. 19 at 2). We agree with Defendant that discovery will reasonably "require collection and review of historical marketing materials, consumer-facing communications, Website pages and archived versions of same, to determine the nature, timing, scope, and uniformity of alleged representations[,]" which is "likely to involve electronically stored information from multiple custodians, requiring identification of appropriate custodians, collection of responsive information and completion of an appropriate document review." (Dkt. No. 19 at 2). "Such discovery may drain the parties' resources while [the MTCA is pending.]" Dougherty, 2026 WL 1218876, at *2. "Given the cost and time-intensive nature of modern electronic discovery in complex civil lawsuits . . . [a]nd [that] a grant of [the MTCA] may significantly reduce discovery[,]" "this factor strongly counsels a stay." Id.

Third, Plaintiff has not shown a risk of unfair prejudice from a discovery stay pending the Court's decision on the MTCA. (See Dkt. No. 21). Plaintiff does not identify any specific documents, witnesses, or other sources of information that might become unavailable during a stay. Instead, she argues that "[w]ith every day that passes without the ability to obtain discovery, Plaintiff risks being unable to obtain evidence" because "key witnesses may become unavailable either by leaving their employment or the country, and for other reasons that cannot be avoided" and the "memories of witnesses with knowledge of material facts [] are also likely to fade with the passage of time." (Id. at 2). The "passage of a reasonable amount of time, [however], without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." Dougherty, 2026 WL 1218876, at *2.

Accordingly, where all three factors favor a stay of discovery, and where Plaintiff has not shown compelling reasons to deny one, we grant the Request and stay all discovery pending the Court's decision on the MTCA. Defendant is, of course, on notice of its ongoing obligation to preserve all documents and information potentially relevant to Plaintiff's claims or any defenses. See In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 341 F.R.D. 474, 503 (S.D.N.Y. 2022) (noting defendant's continued obligation to "preserve potentially responsive documents" even when discovery was stayed).

## IV. CONCLUSION

For the reasons stated above, the Request is **GRANTED**. All discovery is **STAYED** pending the Court's decision on the MTCA. The Court will issue an Opinion and Order with respect to the MTCA in due course.

Dated: New York, New York
September 1, 2026

SO ORDERED.

Sarah L Cave

**SARAH L. CAVE**
**United States Magistrate Judge**