UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AMELIA GOVEN, individually and on behalf of all others similarly situated,

Plaintiff,

-v-

SUPPORT PETS LLC,

Defendant.

CIVIL ACTION NO. 26 Civ. 4226 (AT) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Amelia Goven ("Goven") brings this putative consumer class action against Defendant Support Pets LLC ("SPL") for violations of New York General Business Law ("GBL") §§ 349 and 350, fraud, and unjust enrichment (the "Claims") arising from SPL's alleged deceptive sale of emotional support animal ("ESA") and psychiatric service dog ("PSD") products (the "Products"). (Dkt. No. 1 ¶ 1 (the "Complaint")). On October 14, 2026, the Court granted SPL's motion to compel arbitration (Dkt. Nos. 12–14; 16–17 (the "MTCA")) and stayed this action during the pendency of the arbitration. Goven v. Support Pets LLC, No. 26 Civ. 4226 (AT) (SLC), 2026 WL 3072664, at *7 (S.D.N.Y. Oct. 14, 2026). ("Goven II").[1] Before the Court is Goven's motion to reconsider Goven II. (Dkt. No. 26 (the "MTR")). For the reasons set forth below, the MTR is **DENIED**.

[1] Unless otherwise stated, all capitalized terms shall have the same meaning as in Goven II, 2026 WL 3072664, at *1 –4.

## II. BACKGROUND

We incorporate by reference the factual and procedural background set forth in: (i) the Court's Opinion and Order dated September 1, 2026, Goven v. Support Pets LLC, No. 26 Civ. 4226 (AT) (SLC), 2026 WL 2583128, at *1 (S.D.N.Y. Sept. 1, 2026) ("Goven I"), in which the Court stayed discovery pending resolution of the MTCA; and (ii) Goven II, in which the Court granted the MTCA and stayed this action during the pendency of the arbitration. 2026 WL 3072664, at *1–4.[2] We set forth only the facts necessary to decide the MTR.

On July 10, 2026, SPL filed the MTCA. (Dkt. Nos. 12–14). Goven opposed the MTCA, arguing that SPL failed to establish that the parties entered into a valid agreement to arbitrate because (i) SPL failed to establish mutual assent given the existence of the Updated Terms on its Website, and (ii) the Disclosures did not provide reasonably conspicuous notice of an agreement to arbitrate. (Dkt. No. 15). On October 14, 2026, the Court issued Goven II, in which the Court rejected Goven's arguments and found that the parties entered into a valid agreement to arbitrate, and that pursuant to the Arbitration Provision contained in the Terms, which govern Goven's transaction with SPL, the parties have delegated the issue of arbitrability to the arbitrator. Goven II, 2026 WL 3072664, at *5–7. Accordingly, the Court granted the MTCA and stayed this action during the pendency of the arbitration. Id. at *7.

On October 28, 2026, Goven filed the MTR, in which she argues for a second time that the Disclosures did not provide reasonably conspicuous notice of an agreement to arbitrate. (Dkt. No. 26 at 3–5). Goven also raises a new theory that she did not raise in her opposition to the MTCA (Dkt. No. 15) — that the Second and Third Disclosures were presented to Goven after

[2] Internal citations and quotations are omitted from case citations unless otherwise indicated.

she purchased the Products and therefore cannot retroactively apply to her transaction with SPL. (Dkt. No. 27 at 5–7 (the "Post Sale Theory")). On November 10, 2026, SPL opposed the MTR. (Dkt. No. 27). On November 17, 2026, Goven filed her reply. (Dkt. No. 28 (the "Reply")).[3]

## III. DISCUSSION

### A. Legal Standard

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days "after the entry of the court's order being challenged." Local Civ. R. 6.3. Rule 60(b) further provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[3] In the Reply, Goven argues for the first time that reconsideration is appropriate "to correct clear legal error and to prevent manifest injustice" (the "Clear Error Argument"). (Dkt. No. 28). We note that Goven did not include the Clear Error Argument in her moving brief and therefore we need not consider it. (See Dkt. No. 26). See also Marcoux v. Farm Service and Supplies, Inc., 290 F. Supp. 2d 457, 484 n.28 (S.D.N.Y. 2003) ("[I]t is well settled that arguments may not be raised for the first time in a reply brief as that tactic denies the [opposing party] the opportunity to respond."). Even if we did consider the Clear Error Argument, however, it would not change our denial of the MTR, given that the Clear Error Argument is based on the same arguments she made in opposing the MTCA. (Compare Dkt. No. 15 ("[SPL] has not . . . establish[ed] the existence of an enforceable arbitration agreement," with Dkt. No. 28 ("the Court erroneously concluded that the [D]isclosures established an enforceable arbitration agreement"). As stated below, the Court already considered whether the parties entered into an enforceable arbitration agreement when it granted the MTCA and Goven's disagreement with that conclusion is not a basis for reconsideration. (See § III.B, infra).

Rule 60(b) affords "extraordinary judicial relief" that "can be granted only upon a showing of exceptional circumstances." Kubicek v. Westchester Cnty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The reconsideration standard "is strict," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), and reconsideration is generally only granted on a showing of "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013). Reconsideration, however, "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within the sound discretion of the district court." Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

**B. Application**

Goven's MTR is **DENIED** because it does not bring any new points of law or facts to the Court's attention but rather repeats the same arguments that Goven made in opposition to the MTCA or presents new theories that Goven has no excuse for not raising in her initial opposition to the MTCA.

**1. Repeated Arguments**

In the MTR, Goven argues that the First and Second Disclosures did not provide her with reasonably conspicuous notice of the parties' agreement to arbitrate because they did not contain a hyperlink to the Terms. (Dkt. Nos. 26 at 3; 28 at 4–6). As for the Third Disclosure, although Goven acknowledges that it contained a hyperlink to the Terms, she argues that the Third Disclosure was devoted to obtaining consent to receive marketing and text messages and therefore also failed to provide reasonably conspicuous notice to Goven that she was about to enter into an agreement to arbitrate. (Dkt. Nos. 26 at 3–5; 28 at 4–6). The Court, however, already considered these arguments in deciding the MTCA. In Goven II, the Court recited the language of all three Disclosures and analyzed whether the Disclosures as a whole provided Goven with reasonably conspicuous notice of the Terms, which contained the Arbitration Provision, and found that all the Disclosures "were in 'dark font color' and were "'proximately locat[ed] to the only call to action button'" and the Third Disclosure, which indeed contained a hyperlink to the Terms, gave Goven "the opportunity to click on the Terms [ ], read [them] [ ] and decline to continue to process the transaction." Goven II, 2026 WL 3072664, at *6 (citing Martin v. Lens.com, Inc., No. 24 Civ. 60489 (DSL), 2024 WL 4826048, at *7 (S.D. Fla. Nov. 19, 2024) (enforcing defendant's terms of use where the notice "By continuing you agree to our Terms of Use & Privacy Policy" was in black font set against a white background and the hyperlink text was underlined, and plaintiff clicked the "Continue" button)). The Court therefore found that the Disclosures provided reasonably conspicuous notice of the Terms, such that a "'reasonably prudent' person would be on inquiry notice of th[e] [T]erms[,]" which contained the Arbitration Provision. Goven II, 2026 WL 3072664, *5 n.6 (citing Soliman v. Subway Franchisee Advert. Fund

Tr., Ltd., 999 F.3d 828, 834 (2d Cir. 2021)). See Martin, 2024 WL 4826048, at *4 ("Under [a hybridwrap agreement] format, an offeree does not have actual notice of certain contract terms, [but] [s]he is nevertheless bound by such terms if [s]he is on inquiry notice of them and assents to them through conduct that a reasonable person would understand to constitute assent."). The fact that Goven disagrees with the Court's conclusion in Goven II is not a basis for reconsideration.

Goven also argues that the "call to actions buttons [in the Disclosures] relied upon by this Court" — "Finish and Qualify Now[,]" "Calculate my results[,]" and "Next" — were insufficient to provide Goven to conspicuous notice. (Dkt. Nos. 26 at 6; 28 at 5). The Court previously considered this argument when it identified each action button by name in Goven II and found that the Disclosures provided Goven with reasonably conspicuous notice of the Terms. Goven II, 2026 WL 3072664, at *6 (citing Martin, 2024 WL 4826048, at *5–7 (finding that the action button labeled "Continue" was sufficient to provide reasonable conspicuous notice)).

Finally, Goven argues that although the Court "relied on the fact that [she] had submitted a 'variety of personally identifiable information across multiple discrete areas of the Website[,]'" the record is "devoid of any [] evidence" that she received notice of an arbitration agreement. (Dkt. Nos. 26 at 6–7; 28 at 8). As stated above, the Court already considered whether Goven received inquiry notice of the Terms, which contained the Arbitration Provision, and weighed, inter alia, SPL's Hedmark Declaration, which provided a timeline of Goven's interactions with the Website and screenshots of the Disclosures (Dkt. No. 13), along with Goven's failure to dispute those interactions or that "she was presented with the Disclosures before entering her personal identifying information and clicking the action buttons." Goven II, 2026 WL 3072664, at *2. The

Court found that Goven entered a valid agreement to arbitrate her Claims against SPL when she "entered her personal identifiable information into the Website's form fields after being presented with the Disclosures, thus manifesting her assent to the Terms." Id. at *7.

Accordingly, the MTR repeats the same arguments that Goven already made in opposition to the MTCA (Dkt. No. 15), and that the Court already considered when granting the MTCA. Goven II, 2026 WL 3072664, at *7. The MTR therefore fails to justify a different outcome. See Kubicek, 2014 WL 4898479, at *4 (denying reconsideration where plaintiff "attempted to breathe new life into arguments made on summary judgment" that "the Court squarely considered" in deciding the original motion); Korwek v. Hunt, 649 F. Supp. 1547, 1548 (S.D.N.Y. 1986) (denying reconsideration based on argument that plaintiffs had already raised and the court had rejected).

**2. The Post Sale Theory**

As for Goven's new Post Sale Theory that the Second and Third Disclosures were presented to Goven after she purchased the Products and therefore cannot retroactively apply to her transaction with SPL (Dkt. Nos. 26 at 5–7; 28 at 6–7), reconsideration "is not a vehicle for . . . presenting the case under new theories . . . ." Analytical Surveys, 684 F.3d at 52. Goven offers no reason why she could not have made this argument in her opposition to the MTCA. Id. (affirming denial of motion to reconsider decision granting summary judgment for plaintiffs where defendants raised new arguments that they could have raised in earlier briefing).

Even if Goven had argued her Post Sale Theory in her opposition to the MTCA, the Arbitration Provision expressly covers "any and all disputes, as defined above, whether presently in existence or based on acts or omissions in the past or in the future[.]" Goven II, 2026 WL 3072664, at *2. In any event, we agree with SPL that Goven's Post Sale Theory is "fundamentally

one regarding the scope of the arbitration agreement and whether it should apply to a purchase completed before the [Second and] Third Disclosure, not whether an arbitration agreement exists." (Dkt. No. 27 at 8) (emphasis added). In Goven II, the Court held that scope is an issue that the parties "clearly and unmistakably delegate[d] . . . to the arbitrator" given that the Arbitration Provision states that "[a]ll issues shall be for the arbitrator to decide, including the scope of this [Arbitration] Provision." Goven II, 2026 WL 3072664, at *7. Accordingly, the question of whether the Second and Third Disclosure applied to Goven's transaction with SPL is a question for the arbitrator, not the Court.

* * *

Accordingly, the MTR either (i) repeats the same arguments that Goven made in opposition to the MTCA, which the Court already considered in granting the MTCA, or (ii) presents a new theory that, even if examined, is a question of scope for the arbitrator to the decide.

## IV. CONCLUSION

For the reasons set forth above, the MTR is **DENIED**. As stated in Goven II, Goven is **COMPELLED** to arbitrate her claims pursuant to the Terms, and (iii) this case is **STAYED** during the pendency of the Arbitration. Goven II, 2026 WL 3072664, at *7. The parties shall file a joint letter setting forth the status of the arbitration by **December 14, 2026**, and **every 60 days thereafter** until the arbitration has concluded. Id.

The Clerk of Court is respectfully directed to close Dkt. No. 26.

Dated: New York, New York
November 18, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**